IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA BURNS, KRISTY HAMBLEN,
GEORGE MCCAUGHAN,
PATRICIA STEBBINS, MARIA MILLER,
ROSA LINDAHL, SADIE PERRY, and
FALENE OLSON

              Plaintiffs,                     Case No. 1:23-cv-00857-MC

                v.                         OPINION & ORDER

ASANTE ROGUE REGIONAL MEDICAL
CENTER, LLC and ASANTE, dba
ASANTE HEALTH SYSTEM,

              Defendants.

_____

**MCSHANE, District Judge:**

Plaintiffs bring religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against their former employer, Defendants Asante and Asante Rogue Regional Medical Center. Pls.' Compl. ¶¶ 31, 38, ECF No. 1. They allege that Defendants unlawfully terminated their employment when Plaintiffs declined, based on a religious belief, to take the COVID-19 vaccine. *Id.* ¶¶ 7, 41–43. Defendants move to dismiss. Defs.' Mot. to Dismiss 3, ECF No. 4. With the exception of Ms. Stebbins, Plaintiffs fail to sufficiently allege a conflict between

their sincerely held religious beliefs and the COVID-19 vaccine. Defendants' Motion to Dismiss

(ECF No. 4) is therefore DENIED in part and GRANTED in part.[1]

## I.    BACKGROUND

In the summer of 2021, Defendants notified their employees that they would be

implementing and enforcing a COVID-19 vaccine mandate in the workplace, except for

employees with approved religious exemption requests. Pls.' Compl. ¶ 7. All Plaintiffs are

healthcare workers formerly employed by Defendants who sought written religious exemptions

to the COVID-19 vaccine mandate. Pls.' Compl. ¶¶ 8–25.

Plaintiff Cynthia Burns worked as a cashier at Asante Three Rivers Medical Center in

Grants Pass for approximately ten years, a role in which she was tasked with taking payments

from patients. *Id.* ¶ 9. Ms. Burns is a "religious Christian" who applied for and received a

religious exemption. *Id.* She was subsequently placed on administrative leave on October 18,

2021. *Id.* at ¶ 10.

Kristy Hamblen also worked for Defendant as a staff assistant and charge capture

specialist. *Id.* ¶ 12. Ms. Hamblen's request for a religious exemption was denied, and she was

terminated on January 11, 2022. *Id.* ¶ 12–13.

George McCaughan worked for two years at Asante Rogue Regional Medical Center in

Medford as a special procedures technician in the catheter laboratory. *Id.* ¶ 14. Mr. McCaughan

is a "religious Christian" *Id.* ¶ 14. Mr. McCaughan's request for a religious exemption was

denied, and he was terminated on October 26, 2021. *Id.*

---

[1] Plaintiffs' Response to the Defendant's Motion to Dismiss contains an argument related to the sufficiency of a hostile work environment claim. *See* Pl.'s Resp. 14, ECF No. 12. Should Plaintiffs wish to bring an additional claim for hostile environment, they may file an Amended Complaint with the Court pursuant to F. R. Civ. P. 15(a).

Patricia Stebbins worked at Rogue Regional Medical Center as a registered nurse for five years. *Id.* ¶ 17. Ms. Stebbins "is a religious Christian (Mormon) and objected to the use of fetal cells in the testing/development of vaccines and medicines." *Id.* Although Ms. Stebbins did not file a written request for a religious exemption, she was told that she did not need to because she had already made her objections to the COVID-19 vaccine clear. *Id.* She was terminated in 2021. *Id.* ¶ 18.

Maria Miller worked at Rogue Regional Medical Center as a registered nurse for twelve years. *Id.* ¶ 19. Ms. Miller is a "religious Catholic." Her request for a religious exemption was denied and she was placed on unpaid leave on October 18, 2021. *Id.* ¶ 20.

Rosa Lindahl also worked at Rogue Regional Medical Center as a certified nursing assistant in the postpartum unit. *Id.* ¶ 21. Ms. Lindahl is a "devout Christian." *Id.* ¶ 22.  Her request for a religious exemption was denied and she was placed on unpaid leave on October 18, 2021. *Id.* Ms. Lindahl was terminated on October 31, 2021. *Id.*

Sadie Perry worked at Rogue River Medical Center on a per diem and on-call basis. *Id.* ¶ 23. Ms. Perry is a "religious Christian" who requested and received an exemption on October 15, 2021. *Id.* ¶ 24. She was placed on temporary leave and subsequently terminated on April 30, 2022. *Id.*

Falene Olson worked for Asante Physician Partners in Ashland, Oregon as a certified clinical medical assistant for approximately ten years. *Id.* ¶ 25. Ms. Olson is a "religious Christian." *Id*. She did not file for a religious exemption on the Oregon Health Authority ("OHA") form, instead filing affidavits of religious conviction or conscientious objection. *Id.*

Ms. Olson was placed on unpaid leave on November 18, 2021, and was terminated on November 21, 2021. *Id.*

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## III.   DISCUSSION

### A.  Applicable law

Defendants argue that Plaintiffs Burns, Hamblen, McCaughan, Stebbins, Miller, Landahl, Perry, and Olson failed to plead prima facie cases of employment discrimination under Title VII, 42 U.S.C. §2000e, and Or. Rev. Stat. § 659A.030(1)(a). Defs'. Mot. to Dismiss 3.

Title VII and Oregon law make it unlawful for an employer to discharge an employee because of their religion. 42 U.S.C. § 2000e-2(a)(1); Or. Rev. Stat. 659A.03(1)(a).[2] The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id.* If an employee articulates a prima facie case, the burden then shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id.*

To assert a prima facie failure-to-accommodate claim under Title VII, a plaintiff must allege that: (1) they "had a bona fide religious belief, the practice of which conflicted with an employment duty;" (2) they "informed [their] employer of the belief and conflict;" and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. "A bona fide religious belief is one that is 'sincerely held.'" *Keene v. City and Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *1 (9th Cir. May 15, 2023).

Both the Supreme Court and Ninth Circuit have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. "The Court's 'narrow function . . . is to determine' whether the line drawn reflects 'an honest conviction.'" *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (citation omitted). Courts "are not and should not be in the

---

[2] Claims brought under Or. Rev. Stat. section 659A.030(1)(a) are analyzed under the same framework as claims brought under Title VII. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 22-cv-1306, 2022 WL 19977290, slip op. at *3 (D. Or. Dec. 20, 2022).

business of deciding whether a person holds religious beliefs for the 'proper' reasons." *EEOC Guidance*, § 12-I(A)(2). A plaintiff's religious belief need not be logical, consistent, or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted. *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 714 (1981).

However, a court need not take "conclusory assertions of violations of religious beliefs at face value." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). A "threadbare reference" to the plaintiff's religious beliefs is insufficient. *Gage v. Mayo Clinic*, No. 22-cv-2091, 2023 WL 3230986, slip op. at *3 (D. Ariz. May 3, 2023); *Kather v. Asante Health Sys.*, No. 1:22-cv-1842, 2023 WL 4865533, at *5 (D. Or. July 28, 2023) ("[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations.").

Title VII does not protect medical, economic, political, or social preferences. *See Tiano*, 139 F.3d at 682; *Detwiler*, 2022 WL 19977290, at *4 (finding plaintiff's objection to regular COVID-19 antigen testing to be secular because they believed the tests were carcinogenic and would cause more harm than good); *Ruscitti v. Legacy Health*, 3:23-cv-787, 2023 WL 8007620, slip op. at *4 (D. Or. Sept. 27, 2023), *findings and recommendations adopted*, 2023 WL 8006269 (D. or. Nov. 16, 2023) ("the use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion"); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (holding that a plaintiff's claims must originate from religious beliefs rather than purely secular philosophical concerns).

### B. Plaintiff Stebbins' Sufficiency of Notice

As an initial matter, Defendants argue that because Plaintiff Stebbins failed to file a

written notice requesting a religious exemption, she cannot plead an essential element of a prima

facie case of employment discrimination. Defs'. Mot. to Dismiss 10; Defs'. Reply to Mot. to

Dismiss 5–6 (ECF No. 18). Despite this failure, the Court finds that Ms. Stebbins' notice was

adequate.

Notice is an essential element of an employer's obligation to provide a religious

accommodation. *Peterson*, 358 F.3d at 606. However, an exception to the general rule applies

where the employer has particularized, actual knowledge of the need to accommodate the

individual's religious beliefs. *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1439 (9th Cir. 1993). Thus,

in cases where a plaintiff fails to file a request for religious accommodation, notice may still be

adequate if the employee provided "enough information about . . . [their] religious needs to

permit the employer to understand the existence of a conflict between the employee's religious

practices and the employer's job requirements." *Id.*

Ms. Stebbins' notice falls under this exception. Although Ms. Stebbins did not formally

file for a religious exemption, her employer told her that such a written request was not

necessary because she had already made her religious objections clear. Pls.' Compl. ¶ 17.

Defendant therefore had "particularized, actual knowledge" of a potential religious conflict and

the need to accommodate Ms. Stebbins.

### C. Plaintiffs' Sincerely Held Religious Beliefs

Concerning the first element of a prima facie case of employment discrimination—

whether Plaintiffs had a "sincerely held" religious belief, "the practice of which conflict[ed] with

an employment duty"—the Court finds that Plaintiffs Burns, Hamblen, McCaughan, Miller, Landahl, Perry, and Olson fail to plausibly allege facts that would establish their anti-vaccination beliefs are protected under Title VII or Oregon law. However, the Court finds that Plaintiff Stebbins has met this minimal burden at the pleading stage.

Plaintiffs Burns, McCaughan, Miller, Landahl, Perry, and Olson—who collectively identify as religious Christians—fail to explain how practicing their Christian beliefs actually conflicted with the employment duty to take the COVID-19 vaccine. *See* Pls.' Compl. ¶¶ 10; 12–14; 20; 22; 24. Such "[g]eneral references to Christianity do not meet even a 'fairly minimal' burden at the pleading stage, as such allegations are conclusory." *Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-cv-206, 2023 WL 7612395, slip op. at *11 (D. Or. Oct. 23, 2023), *findings and recommendations adopted*, 2023 WL 7623865 (D. Or. Nov. 14, 2023). In the case of Ms. Hamblen, the pleadings fail to allege any bona fide religious beliefs whatsoever. As a result, the above-named plaintiffs fail to establish the first element of a prima facie case of religious discrimination under Title VII or Oregon law. However, because Plaintiffs fail to include copies of their religious exception request forms with their Complaint, the Court cannot determine whether amendment would be futile. The Court therefore grants Plaintiffs leave to amend.

Ms. Stebbins' case is a different matter. Like the other plaintiffs, Ms. Stebbins states that she "is a religious Christian (Mormon)." Pls.' Compl. ¶¶ 17. Unlike the other plaintiffs, however, she also explains how taking the COVID-19 vaccine actually conflicted with her sincerely held religious beliefs. Ms. Stebbins specifically asserts that she objected to taking the COVID-19 vaccine because of "the use of fetal cells in the testing/development of vaccines and medicines."

*Id.*; *MacDonald v. Oregon Health & Science University*, No. 3:22-cv-1942, 2023 WL 5529959 at

*2 (D. Or. Aug. 28, 2023) (holding that a plaintiff's religious objection to taking the COVID-19

was sufficient to survive a motion to dismiss because they believed it was developed using

aborted fetal cells); *see also Kather*, 2023 WL 4865533, at *4 (holding that a "New Age

Christian" who objected to the use of aborted fetal cell lines in the development of the COVID-

19 vaccine was sufficient to survive a motion to dismiss). Based solely on the allegations in the

complaint, Ms. Stebbins has sufficiently articulated a bona fide religious belief, the practice of

which conflicted with the employment duty to take the COVID-19 vaccine.

## IV.    CONCLUSION

For the above reasons, Defendants' Motion to Dismiss (ECF No. 4) is DENIED for the

claims brought by Stebbins and GRANTED for the claims brought by Burns, Hamblen,

McCaughan, Miller, Landahl, Perry, and Olson. Plaintiffs have thirty days from the date of this

Opinion and Order to file an amendment complaint.

IT IS SO ORDERED.

DATED this 21st day of February, 2024.


                                    s/Michael J. McShane
                                         Michael McShane
                                    United States District Judge