# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

CYNTHIA BURNS, an individual; KRISTY
HAMBLEN, an individual; GEORGE
MCCAUGHAN, an individual; PATRICIA
STEBBINS, an individual; MARIA
MILLER, an individual, ROSA LINDAHL,
an individual; SADIE PERRY, an
individual; and FALENE OLSON, an
individual

               Plaintiff,

   vs.

ASANTE ROUGE REGIONAL MEDICAL
CENTER, LLC, a corporation; and
ASANTE, dba ASANTE HEALTH
SYSTEM,

              Defendants.

_____

Case No. 1:23-cv-00857-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

     Defendant Asante Rogue Regional Medical Center LLC and Asante (collectively

"Asante") bring this Motion to Strike Plaintiffs' First Amended Complaint. Because Plaintiffs

failed to timely file their amended complaint, Defendant's Motion to Strike (ECF 24) is

GRANTED. Plaintiffs' First Amended Complaint (ECF 21), except with regard to Plaintiff

Stebbins, is dismissed with prejudice.

1 – OPINION AND ORDER

## BACKGROUND

Defendants move to strike Plaintiffs' First Amended Complaint ("FAC") due to Plaintiffs' counsel's failure to respond in a timely manner and failure to comply with local and court rules. Defs.' Mot. Strike First Am. Compl., ECF No. 24. This is not the first time that Plaintiff's counsel has faced such allegations. Plaintiffs' counsel has exhibited a pattern of unprofessional behavior in other matters in the District of Oregon.[1] *See* Order Grant. Pl.'s Mot. Recons., *Prakash v. Or. Health and Sci. Univ.*, No. 3:23-cv-01653-IM (Apr. 30,2024), ECF No. 20.

Plaintiffs initiated action in this case on June 12, 2023.  Pls.' Compl., ECF No. 1. On October 30, 2023, Defendants filed a Motion to Dismiss for Failure to State a Claim. Defs.' Mot. Dismiss, ECF No. 4. However, Plaintiffs failed to file an extension of time to respond to Defendants' motion until December 14, 2023, nearly a month after the response was due.. Pls.' Mot. Extension of Time, ECF No. 8. Despite this, the Court granted Plaintiffs Motion for an Extension of Time. Order Grant. Mot. Exten. Time, ECF No. 11.

On February 21, 2024, the Court dismissed without prejudice all Plaintiffs except Ms. Stebbins, finding that they failed to state a claim for which relief could be granted. Order Grant. Defs.' Mot. Dismiss, ECF No. 15. The Court granted Plaintiffs 30 days to amend their complaint. *Id.* The evening of March 21, 2023, without attempting to confer with Defendants' counsel until 9:01pm, Plaintiffs filed a last-minute Motion for Extension of Time at 10:28pm.

---

[1] *See, e.g.*, Order to Show Cause, Craven v. Shriners Hosps. for Child., No. 3:22-cv-01619-IM (Nov. 1, 2023), ECF 18; Order to Show Cause, Gamon v. Shriners Hosps. for Child., No. 3:23-cv-00216-IM (July 6, 2023), ECF 10; Order, Gamon v. Shriners Hosps. for Child., No. 3:23-cv-00216-IM (Jan. 3, 2024), ECF 23; Order, Funk v. Or. Health & Sci. Univ., No. 3:23-cv-01260-IM (Dec. 5, 2023), ECF 9; Order at 4 n.2, Niemeyer v. NW Permanente, No. 3:23-cv-00815-IM (Feb. 16, 2024), ECF 19; Order, McCune v. Asante Rouge Reg'l Med. Ctr., No. 1:23-cv-00799-CL (Jan. 2, 2024), ECF 14; Findings and Recommendation at 4, Dill v. Peacehealth, No. 6:23-cv-00720-MK (Dec. 6, 2023), ECF 10; Order to Show Cause, Bulek v. Kaiser Found. Hosps., No. 3:23-cv-01585-MO (Nov. 27, 2023), ECF 4; Order to Show Cause, Burdick v. St. Charles Health Sys., Inc., No. 6:23-cv-00491-MC (Sept. 27, 2023), ECF 3; Order to Show Cause, Harris v. PeaceHealth, No. 6:22-cv01151-AA (Dec. 8, 2023), ECF 16.

Riggs Decl. Ex. 3, at 6, ECF No. 25. Although the Court granted Plaintiffs' Motion for Extension

of Time, the Court noted that "The Court considers Plaintiffs' counsel's late evening attempt to

confer with opposing counsel on the day of the deadline as negligent and bordering on bad faith.

No more similar situations will be tolerated." Order Grant. Pls.' Mot. Exten. Time, ECF No. 19.

The amended complaint was then due on April 22, 2024. *Id.*

On April 22, Plaintiffs' counsel contacted Defendants' counsel via phone call to confer

about matters related to this case. Riggs Decl. Ex. 3, at 6. However, during the phone call,

Plaintiffs' counsel did not request an extension of time to file the FAC. *Id.* Ex. 2, at 1. In an

email sent to Defendants' counsel by Paul Janzen, Mr. Janzen admits that he did not indicate

during the April 22 phone call that Plaintiffs were seeking an extension of time. *Id.* On April 23,

2023, the day after the new FAC filing deadline, Mr. Janzen indicated that they missed the

Court's deadline due to their observance of the Passover Holiday and asked Defendants' counsel

for a 1-week extension of time to file the FAC. *Id*. Ex. 1, at 3. Citing Plaintiffs' untimeliness on

other matters in this case and cost incurred by Defendants, Defendants objected to the extension

of time. and filed the instant Motion to Strike in response to the Plaintiffs' late filing. Defs.' Mot.

Strike First Am. Compl., ECF No. 24.

## DISCUSSION

Under the Federal Rules of Civil Procedure "if the plaintiff fails to prosecute or to

comply with… a court order, a defendant may move to dismiss the action or any claim against it.

Unless the dismissal order states otherwise, a dismissal under this subdivision… operates as an

adjudication on the merits." Fed. R. Civ. P. 41(b). The five factors that the Court is to consider

when weighing dismissal are: "(1) the public's interest in expeditious resolution of litigation; (2)

the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public

policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (alteration in original). Typically, a Motion to Strike is justified when four of these factors support dismissal or when three of these factors greatly support dismissal. *Id.* In this case, four of the five factors favor dismissal.

**Factors One and Two: The Public's Interest in Expeditious Resolution of Litigation and The Court's Need to Manage its Docket**

The first two factors are typically considered in tandem and the Ninth Circuit "give[s] particular deference to the district court's judgment concerning them." *Transamerica Life Ins. Co.*, 93 F.4th at 1147. These first two factors favor striking the FAC. The case at hand has been pending for over a year without notable movement due to Plaintiffs' issue with meeting court deadlines. Additionally, while Plaintiffs agreed to amend their complaint in October 2023, they only amended their complaint with a late filing six months later. Pls.' First Am. Compl., ECF No. 21.

Plaintiffs' counsel has already been admonished by this Court in this case and by many other courts in similar cases for issues related to timeliness. For example, Plaintiffs' counsel was "issued two show cause orders, two notices for missed deadlines, and another warning about missed deadlines" by another District of Oregon judge for Plaintiffs' counsel's unprofessional behavior in a litany of cases. *See* Order Grant. Pl.'s Mot. Recons., *Prakash v. Or. Health and Sci. Univ.*, No. 3:23-cv-01653-IM (Apr. 30,2024), ECF No. 20. These constant flagrant violations of court-imposed deadlines have burdened the Court and the Defendants. Plaintiffs' counsel's continued failure to meet court deadlines and comply with local rules and court orders impedes

the Court's ability to manage its docket and violates the general public's interest in resolving litigation in a timely manner.

**Factor Three: The Risk of Prejudice to the Defendants**

The third factor also supports striking Plaintiffs' FAC. This factor looks at the scope to which the uncooperative party's behavior produces a risk of "impair[ing] the [opposing party's] ability to go to trial." *Transamerica Life Ins. Co.*, 93 F.4th at 1147 (quoting *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1227) (alteration in original). In this case, Plaintiffs have continually delayed resolution of this litigation by failing to meet court deadlines and by failing to confer with opposing counsel in a timely manner. Additionally, Asante has had to incur attorney fees associated with litigating the Motion to Strike due to Plaintiffs' inability to submit an amended complaint by the Court's stipulated deadline. The pattern of behavior exhibited by Plaintiffs' counsel has been a burden on not only Asante and their counsel, but likely the very Plaintiffs that Plaintiffs' counsel is to represent. To allow this pattern of untimely behavior to continue not only prejudices Defendants, but also considerably slows the resolution of this case.

**Factor Four: Public Policy Favoring Disposing of a Case on its Merits**

The fourth factor weights against dismissal. *Id.* at 1147. As a general rule, cases should be decided on their merits. *Id.* However, despite the Court's practice of generously granting motions for extension of time, Plaintiffs' counsel has failed to comply with court orders and local rules on too many occasions to ignore. Thus, this factor does not weight as strongly against dismissal as it might in other cases.

**Factor Five: Availability of Less Drastic Sanctions**

Less drastic sanctions would do little to deter Plaintiffs' counsel from the habitual failure to comply with court deadlines and rules. Plaintiffs' counsel argues that the imposition of attorney fees would be sufficient to remedy the inconveniences that have been caused. Pls.' Resp. Opp'n Mot. Strike, ECF No. 29. However, the Court is not convinced that money damages, in the form of attorney fees paid to Defendants or a fine to the Court, would serve as an effective deterrent to Plaintiffs' counsel's repeated conduct. Plaintiffs' counsel's borderline dilatory conduct is exemplified in this case by her one-month late, day late, and last-minute filings. Additionally, this Court has already admonished Plaintiffs' counsel in the past over her inclination towards late and eleventh-hour filings. There are no indications that imposing less dramatic sanctions would deter Plaintiffs' counsel from continuing the behavior that they have been continually admonished for.

Overall, four of the five factors support dismissal. In this case even the fourth factor, that typically weighs heavily against dismissal, does not weigh as heavily in this case due to Plaintiffs' pattern of behavior. The fair resolution of this case requires that the Court adequately weigh the considerations of the five factors and render a result that is equitable to the parties under the circumstances presented to the Court.

//

//

//

//

//

**CONCLUSION**

For the above reasons, Defendants' Motion to Strike Plaintiffs' First Amended Complaint

(ECF 24) is GRANTED. Plaintiffs' First Amended Complaint (ECF 21), except with regard to

Plaintiff Stebbins, is dismissed with prejudice.


IT IS SO ORDERED.

Dated this <u>31st</u> day of March 2025.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge
